IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE M. WAMBACH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-937 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                         February 19, 2008

      Upon consideration of the brief in support of request for review filed by plaintiff and defendant's response (Doc. Nos. 8 & 9), the court makes the following findings and conclusions:

      1.    On June 27, 2005, Christine M. Wambach ("Wambach") filed for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of August 3, 2000. (Tr. 60-64). Throughout the administrative process, including an administrative hearing held on May 16, 2006 before an ALJ, Wambach's claims were denied. (Tr. 3-5; 10-19; 23-26; 221-258). Pursuant to 42 U.S.C. § 405(g), Wambach filed her complaint in this court on April 16, 2007.

      2.    In her June 12, 2006 decision, the ALJ concluded that although Wambach has a permanent part-time job with the EPA as a mail sorter which was obtained through the Office of Vocational Rehabilitation ("OVR") and Horizon House, she was not engaging in substantial gainful employment. (Tr. 14 Finding 1; 14 ¶ 4).[1] The ALJ further found that Wambach had severe impairments consisting of a learning disorder and adjustment disorder with anxiety and depression. (Tr. 14 Finding 2). The ALJ next concluded that Wambach's impairments did not meet or equal a listing and that she had the residual functional capacity ("RFC") to perform work at any level of exertion which was self-paced, involved one to two step tasks, was performed in a low stress and clean environment, and which afforded limited contact with the public and co-workers. (Tr. 15 Findings 3 & 4). Ultimately, the ALJ found that Wambach could perform jobs that existed in significant numbers in the national economy and was not disabled. (Tr. 18 Finding 9; 19 Finding 10; 19 ¶ 4 ).

      3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. <u>Schaudeck v. Comm'r of Soc. Sec.</u>, 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

      4.    Wambach asserts that the ALJ failed to properly consider both the vocational evidence and medical evidence in the record. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is supported by substantial evidence. I further find that Wambach's brief is essentially an invitation to re-weigh the evidence, which is an invitation I am not permitted to accept. See Hartranft, 181 F.3d at 360 (citing Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-1191 (3d Cir. 1986)). As a result, Wambach's request for relief must be denied.

      A.    Regarding the vocational evidence, Wambach alleges that the ALJ should have given more weight to: (1) her testimony; (2) a May 25, 2006 letter from Alban Mason, the E.P.A. Coordinator, which attempts to explain some of her employment notes and which indicates that Wambach is not prepared for the competitive workplace; and (3) a case note dated September 16, 2005 from Pamela Nabreid Abdullah, the employment coordinator at Horizon House. (Tr. 71-72; 154; 225-44). This is certainly evidence which tends to support Wambach's position. However, as discussed by the ALJ, there is also substantial evidence in the form of Horizon House progress notes, referral forms, reports to the OVR, and functional assessments indicating that Wambach was doing well in her vocational program, needed only bi-annual review by her supervisor, could perform competitive work with the EPA (although highly supervised), and was consistently improving and gaining competitive employment level skills. (Tr. 17 ¶ 2; 152-53; 157-60; 166-68; 170-72; 174-77). Moreover, the ALJ explained why she did not find Wambach's testimony to be entirely credible. (Tr. 16 ¶ 4). The evidence cited by Wambach conflicts at least in part with the evidence relied upon by the ALJ. The ALJ weighed all of this evidence and determined that Wambach was competent to work. My duty is to determine if, based upon the evidence, a reasonable person could agree with the ALJ's decision, regardless of whether I agree with the decision. See Richardson, 402 U.S. at 401; Hartranft, 181 F.3d at 360. In this case, substantial evidence supports the ALJ's determination and, thus, it must be upheld.

      B.    Regarding the medical evidence, Wambach focuses mainly on a February 9, 2006 letter from her treating psychiatrist Tiffany Hughes M.D. ("Dr. Hughes") written in support of her application for SSI in which Dr. Hughes opines that Wambach would have significant problems performing competitive work. (Tr. 126). The ALJ discussed all of the pertinent medical evidence and concluded that Dr. Hughes' opinion in this letter deserved little weight given Wambach's limited treatment and demonstrated work activity. (Tr. 17 ¶ 4).

Moreover, much of the medical evidence contradicts Dr. Hughes' opinion and supports the ALJ's ultimate conclusion that Wambach was capable of working.  <u>See</u> 20 C.F.R. § 416.927(d)(2) (explaining that a treating physician is only provided controlling weight when his or her opinion is well supported by medically acceptable sources and not inconsistent with other substantial evidence in the record).  As noted by the ALJ, the May 10, 2005 and August 18, 2005 psychiatric evaluations from Burton Weiss, M.D. ("Dr. Weiss") and Roslyn Wolberg, Psy.D. ("Dr. Wolberg") are supportive of the ALJ's RFC assessment.  (Tr. 17 ¶¶ 3 & 5; 90-94; 95-102).  Moreover, the neuropsychological evaluation performed by Brenda Ivker, Ph.D. ("Dr. Ivker") on August 3, 2000 also supports the ALJ's RFC determination and the therapy notes from Horizon House do not contradict the ALJ's assessment.  <u>See</u> (Tr. 84-89; 120-25; 127-37).  Similarly, the vocational evidence discussed briefly above contradicts Dr. Hughes' assessment and supports the ALJ's conclusion.  <u>See</u> <u>i.e.</u> (Tr. 157-60; 166-68; 170-72; 174-77).  Finally, contrary to Wambach's contention, the ALJ did not ignore her GAF scores indicating serious symptoms but instead opined that she had significant mental health impairments and limitations and incorporated those limitations into her RFC.  (Tr. 14 Finding 2; 14 ¶ 6; 15 Finding 4; 18 ¶ 1; 92, 139, 145, 149).  Thus, the ALJ's conclusions that Dr. Hughes' February 9, 2006 opinion was not entitled to significant weight and that Wambach was not disabled were based on a reasonable interpretation of the evidence and, thus, are supported by substantial evidence.

       5.    Because the decision of the ALJ was supported by substantial evidence Wambach's request for relief must be denied and the decision must be affirmed.

       An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE M. WAMBACH | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  07-937 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 19th day of February, 2008, upon consideration of the brief in support of request for review filed by plaintiff and defendant's response (Doc. Nos. 8 & 9) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

 s/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.